IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jeffrey Ouellette, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br> v.<br><br>The Fresh Market, Inc.<br>        Defendant. | July 17, 2013 |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jeffrey Ouellette, individually and on behalf of all others similarly situated, by his attorneys, for claims against Defendant The Fresh Market, Inc., alleges as follows:

## NATURE OF THE ACTION

1. This is an unpaid overtime case on behalf of Department Managers ("DMs") employed in The Fresh Market, Inc. retail grocery stores nationwide.  DMs are non-exempt employees entitled to overtime compensation for hours worked in excess of 40 in a workweek.

2. Throughout the relevant period, it has been Defendant's policy to deprive its non-exempt DMs of earned wages by failing to pay them time-and-a-half overtime premiums for the hours they work in excess of 40 hours in a workweek, as required by the federal and state law.  Instead, Defendant pays them roughly half-time (or less) for the hours they work in excess of 40 in a workweek.

3. By the conduct described in this Complaint, Defendant violated and continues to violate the Fair Labor Standards Act ("FLSA") by failing to pay DMs, including Plaintiff, proper overtime wages as required by law.  These violations arise out of Defendant's uniform company-wide policies and their pattern or practice of violating wage and hour laws.  Defendant's payroll

and compensation policies and practices with respect to DMs are uniform.

4. Plaintiff brings this action on behalf of himself and similarly situated current and former Defendant DMs who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the overtime wage provisions of the FLSA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1337.

6. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Defendant is subject to personal jurisdiction in Connecticut.

8. Defendant maintains a place of business in Connecticut.

9. Venue is proper in the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1391.

10. A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred in this District.

## THE PARTIES

*Plaintiff Jeffrey Ouellette*

11. Plaintiff Jeffrey Ouellette ("Ouellette") is an adult individual who is a resident of Hartford, Connecticut.

12. Ouellette has been employed by Defendant as a DM in Connecticut from approximately September 2012 through the present.

13. Ouellette is a covered employee within the meaning of the FLSA.

*Defendant The Fresh Market, Inc.*

14.     Defendant The Fresh Market, Inc. is a corporation organized and existing under the laws of the state of Delaware.  Defendant owns and operates approximately 130 grocery stores in approximately twenty-five states, including Connecticut. It has two stores in Connecticut, one in Avon and the other in Westport.

15.     Throughout the relevant period, Defendant has been a covered employer as that term is used within the meaning of the FLSA and all other relevant laws. In addition,, at all relevant times, it has employed and/or jointly employed Plaintiff and similarly situated employees.

16.     Throughout the relevant period, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## COLLECTIVE ACTION ALLEGATIONS

17.     Plaintiff brings FLSA claims on behalf of himself and all similarly situated persons who have worked for Defendant as DMs between July 17, 2010 and the date of final judgment in this matter who elect to opt-in to this action (the "FLSA Collective").

18.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.  The FLSA claims in this lawsuit should be adjudicated as a collective action.  Upon information and belief, there are many similarly situated current and former employees of Defendant who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

19.     All of the work that Plaintiff and the FLSA Collective performed has been assigned by Defendant and/or Defendant has been aware of all of the work that Plaintiff and the Class Members have performed.

20.     Upon information and belief, Defendant's business is a centralized, top-down operation controlled by Defendant.

21.     It is and has been Defendant's nationwide policy and pattern or practice to pay Class Members less than half-time for overtime instead of time-and-a-half as required by law.

22.     Defendant does not follow the strict and narrowly construed rules that allow some employers to use the fluctuating workweek method ("FWW") method to calculate overtime pay for non-exempt employees under some circumstances.

23.     Defendant's uniform conduct with respect to its DMs does not create, and in fact prevents, a clear and mutual understanding between Defendant and the DMs that each DM will receive a fixed amount of pay as straight time pay for whatever hours the DM is called upon to work in a workweek, whether few or many, or that a fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, by each DM. *See* 29 C.F.R. § 778.114 (a).

24.     Defendant informed Plaintiff and Class Members via an Employee Handbook that they would be paid "on the 'fluctuating work week basis' where permitted by law." This cryptic statement falls short of Defendant's obligation to create a "clear mutual understanding" as required by law.

4

25. Defendant also pays non-discretionary bonuses to its Department Managers without including those bonuses in the overtime calculation, in direct violation of the April 2011 Final Rule from the U.S. Department of Labor that bonuses "are incompatible with the fluctuating workweek method of computing overtime." *See* 76 Fed. Reg. 18,832 (Apr. 5, 2011).

26. Ouellette himself has been paid two bonuses in the amount of $350 each during his first 9 months of employment. These bonuses are non-discretionary and are a percentage of his annual salary.

27. The policies described in the preceding paragraphs do not vary from DM to DM, including Ouellette.

28. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes but is not limited to:

    a. willfully failing and/or refusing to pay Class Members time-and-a-half overtime wages for all hours they work in excess of 40 hours per workweek;

    b. willfully failing to comply with the FWW method, including by paying bonuses without including that compensation in DM's regular rate;

    c. willfully failing to cause Plaintiff and Class Members to understand that they will not be paid a fixed amount of pay during a workweek in which a full schedule of hours is not worked and willfully preventing such an understanding.

29. Upon information and belief, Defendant's unlawful conduct described in this Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

30. Upon information and belief, Defendant was or should have been aware that state and federal law required it to pay Collective Members time and a half for hours worked in excess of 40 per week.

31. Defendant's failure to pay Plaintiff and the Class Members overtime wages at one-and-one-half times their regular rates of pay for work in excess of 40 hours per week was willful in at least the following ways:

    a. It knew that it failed to clearly indicated to its DMs that it would pay DMs a fixed weekly salary even if their weekly hours worked were below 40 and in other ways failed to create a clear mutual understanding between it and its DMs as required by law;

    b. It knew that it paid periodic bonuses which were incompatible with the fluctuating work week; and

    c. Defendant was on notice or should have been on notice that its practices were unlawful well before this lawsuit was filed, but failed to immediately change their practices.

## PLAINTIFF'S FACTUAL ALLEGATIONS

32. Ouellette and the similarly situated workers regularly worked more than 40 hours per work week. Upon belief, they usually worked between 45 and 55 hours per week, but were not paid one and one half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek. The unlawful policies described in this Complaint applied to Ouellette and the entire collective.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.
### On behalf of Plaintiff and the FLSA Collective

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendant engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

35. The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and the FLSA Collective.

36. Defendant failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

37. Defendant's violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional as described above.

38. Defendant did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Collective.

39. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

40. As a result of Defendant's violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

    A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, been employed by Defendant as Department Managers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    B.    Designation of Plaintiff as class representative, and counsel of record as Class Counsel;

    C.    Unpaid overtime under the FLSA;

    D.    Liquidated damages permitted under the FLSA;

    E.    Pre-Judgment and Post-Judgment interest, as provided by law;

    F.    Attorneys' fees and costs of suit, including expert fees; and

    G.    Such other relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated:    Hartford, Connecticut
          July 17, 2013

                          Respectfully submitted,

                          **THE HAYBER LAW FIRM, LLC**

          By:
                           /s/ *Richard E. Hayber*_____
                          Richard E. Hayber
                          Hayber Law Firm, LLC
                          Bar No.: CT11629
                          221 Main Street, Suite 502
                          Hartford, Connecticut 06106
                          Telephone: (860) 522-8888
                          rhayber@hayberlawfirm.com


                          *Attorney for Plaintiff and the Putative Collective*