```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

------------------------------x
JEFFREY OUELLETTE, individually  :
and on behalf of all others      :
similarly situated,              :
                                 :
        Plaintiffs,              : CIVIL ACTION NUMBER:
                                 :
     v.                          :
THE FRESH MARKET, INC.,          : 3:13-CV-01027 (AWT)
                                 :
        Defendant.               :
------------------------------x
```

### ORDER APPROVING SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

Before the Court is the parties' Joint Motion for Order Approving Settlement (Doc. No. 236). For good cause shown, and as more fully explained below, the Joint Motion is hereby GRANTED.

The Court finds that the settlement terms negotiated by the parties and described in their Settlement Agreement, a copy of which is attached to the Joint Motion, are a fair and reasonable resolution of a bona fide dispute between the Named Plaintiff, the Group 1 Plaintiffs, and those individual members of the putative FLSA Collective who may elect to consent to join this action for purposes of settlement (collectively the "Participating Plaintiffs"), and the Defendant, that the Attorney's Fees Payment requested by Plaintiff's Counsel is reasonable, and that the Administrative Costs, Service Payment and Reserve Fund requested in the Joint Motion are reasonable.

Therefore, the settlement of the claims as to the Participating Plaintiffs as set forth in the Settlement Agreement is being approved. The Parties shall administer the settlement of the claims of the FLSA Class Members as set forth in the Settlement Agreement. Those individual members of the putative FLSA Collective who may elect to consent to join this action for purposes of settlement (the "Group 2 Plaintiffs") shall have their written consents filed with the Court, at which time such individuals shall be deemed to be party plaintiffs whose FLSA claims in this action will have been settled and dismissed pursuant to the terms of the Settlement Agreement.

All Participating Plaintiffs (including the Named Plaintiff, all Group 1 Plaintiffs, and all remaining members of the putative FLSA Collective who become Group 2 Plaintiffs), on their own behalf and on behalf of their respective descendants, dependents, heirs, executors, administrators, successors, and assigns, shall, by operation of the Settlement Agreement (and, for Group 2 Plaintiffs, the Notice of Settlement, the Consents to Join, and the Release Agreements), and this order, forever and fully release Defendant and Apollo Global Management, their owners, stockholders, predecessors, successors, assigns, agents, directors, officers, employees, representatives, attorneys, parent companies, divisions, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, and all persons

acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Lawsuit (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from any and all past and present matters, claims, demands, causes of action, suits, debts, dues, sums of money, damages, and appeals of any kind, whatsoever, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, local, or other applicable law, which any such individual has or might have, known or unknown, of any kind whatsoever, for the payment of overtime, calculation of overtime or the "regular rate of pay," use of the fluctuating work week method of calculating overtime, non-payment or under-payment of wages or other compensation, or any and all other violations of minimum wage, overtime and/or wage payment laws, whether federal, state, or local, and any and all common laws relating to the payment of wages, to the extent such claims relate to any time the Participating Plaintiff worked as a Department Manager for Defendant during the period from July 17, 2010 through May 1, 2015 ("Released Claims"). The Released Claims include any and all claims that are allowed by law for the causes of action brought in the Lawsuit, and/or any other claims under federal, state, or local law, that could have been brought that arose

from or relate to the alleged failure to pay overtime or other wages for work performed as Department Managers at any time from July 17, 2010 through May 1, 2015. The Released Claims include without limitation all claims asserted in the Lawsuit and any other claims that could have been brought in the Lawsuit that arise from or relate to the alleged failure to pay overtime or the alleged underpayment of overtime or other wages or compensation, including, without limitation, claims under the Fair Labor Standards Act, the Connecticut Minimum Wage Act, and the statutes, laws, and regulations of all states relating to the· alleged failure to pay overtime and/or underpayment of overtime or other wages or compensation in any pay periods when the Participating Plaintiff worked as a Department Manager for Defendant at any time from July 17, 2010 through May 1, 2015. In addition, each Participating Plaintiff irrevocably and unconditionally releases, acquits, and forever discharges any claim that he/she may have against Releasees for attorneys' fees, costs, or expenses arising out of his/her claims in the Lawsuit.

    This court shall retain continuing and exclusive jurisdiction over the Parties to this Settlement Agreement for the purposes of administering and enforcing this Settlement Agreement.

-5-

This action is DISMISSED with prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

The Clerk shall close this case.

It is so ordered.

Signed this 6th day of June, 2016 at Hartford, Connecticut.

_____/s/_____
Alvin W. Thompson
United States District Judge